**Opinion issued November 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00675-CV

_____

**LENN EARL WRIGHT, Appellant**

**V.**

**CITY OF HOUSTON, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-65376**

---

## MEMORANDUM OPINION

Appellant, Lenn Earl Wright, attempts to appeal from an order, signed June 23, 2025, denying his motion to vacate the judgment signed November 11, 2024. Appellee, the City of Houston, filed a motion to dismiss the appeal, asserting that this Court lacks jurisdiction. Although appellee did not include a certificate of

conference in its motion, the motion includes a certificate of service, more than 10 days have passed since the motion was filed, and appellant has not responded to the motion. *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a).  Appellant has filed a brief in which he asserts that this Court has jurisdiction.

Absent a timely filed notice of appeal, this Court lacks jurisdiction.  *See* TEX. R. APP. P. 25.1; *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010). As appellee observes, the final judgment in this case was signed on November 11, 2024, granting appellee's Rule 91a motion to dismiss and dismissing appellant's trial court case with prejudice.  A notice of appeal is due within 30 days of the signing of the final judgment unless the deadline is extended by the timely filing of a post-judgment motion. *See* TEX. R. APP. P. 26.1(a).  A post-judgment motion that extends the deadline for filing a notice of appeal must be filed within 30 days of the date the final judgment was signed.  *See* TEX. R. CIV. P. 329b.

Appellant filed a motion to vacate the November 11, 2024 judgment on May 23, 2025, more than 190 days after the judgment was signed, and thus, the motion to vacate was untimely filed and did not extend the deadline for the notice of appeal to be filed.  *See Ford v. Castlerock Communities*, No. 01-20-00544-CV, 2021 WL 2325029, at *2–3 (Tex. App.—Houston [1st Dist.] June 8, 2021, no pet.) (mem. op.). Appellant's notice of appeal was due to be filed within 30 days after the final

judgment was signed, or by December 11, 2024. *See* Tᴇx. R. Aᴘᴘ. P. 26.1(a). Appellant did not file a notice of appeal until August 25, 2025.

Appellant states in the notice of appeal that he is appealing a "final judgment" signed on June 23, 2025, but the order signed on June 23, 2025 was not the final judgment. This order denied appellant's untimely motion to vacate the final judgment. An order denying a post-judgment motion is not separately appealable from the final judgment and does not start the appellate timetable. *See Jarrell v. Bergdorf*, 580 S.W.3d 463, 465 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Accordingly, the notice of appeal is untimely and this Court lacks jurisdiction over this appeal. *See Harper v. Walker*, No. 01-23-00928-CV, 2025 WL 1942951, at *1 (Tex. App.—Houston [1st Dist.] July 15, 2025, no pet.) (mem. op.).

We grant appellee's motion and dismiss this appeal for lack of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 42.3(a). Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.